**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT L. BENNINGTON,
Plaintiff,

vs.

MIKE DEWINE, *et al.*,
Defendants.

Case No. 1:14-cv-688

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, brings this action against defendants Mike DeWine, Attorney General for the State of Ohio, and David Kelley, Adams County Prosecutor, under 42 U.S.C. § 1983, claiming that defendants violated his constitutional rights in connection with a criminal proceeding. (Doc. 1). This matter is before the Court on defendants Kelley and DeWine's motions to dismiss (Docs. 6, 9), plaintiff's response and supplemental response in opposition (Docs. 11, 13), and defendant DeWine's reply memorandum (Doc. 12).

## I. Background

Plaintiff's claims arise out of his February 2011 criminal convictions in the Adams County, Ohio Court of Common Pleas. Following a jury trial, plaintiff was convicted under Ohio Rev. Code §§ 2903.211(A)(1) and 2919.27 of menacing by stalking and violating a protection order. Plaintiff was sentenced to a 15 month period of incarceration. *See* Doc. 1 at 2; Doc. 6 at 2. He alleges he completed his sentence and was released from prison on May 6, 2012, with no community control. Thereafter, plaintiff filed a petition for post-conviction relief in the state court. His petition was denied, and the Ohio Court of Appeals and Ohio Supreme Court subsequently denied him relief. (Doc. 1 at 2).

Plaintiff alleges that his 2011 conviction is unconstitutional because it was procured by perjured witness testimony. Plaintiff further alleges that he was deprived of his Sixth

Amendment right to the effective assistance of counsel because, among other things, his attorney failed to review evidence supplied by plaintiff and failed to interview witnesses who could have exposed or prevented the false testimony that led to his conviction. As relief, plaintiff asks this Court to vacate or otherwise reverse his February 2011 conviction. (Doc. 1).

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of

"abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**III. Resolution**

Defendants move to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), asserting that: (1) plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) until his criminal conviction has been reversed or vacated; (2) his claims against the Adams County prosecutor are essentially claims against Adams County itself and are therefore subject to dismissal under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); (3) the *Rooker-Feldman* doctrine precludes this Court from reviewing plaintiff's criminal conviction; and (4) plaintiff's § 1983 claim is barred by the applicable statute of limitations. (Docs. 6, 9).

Plaintiff does not respond to defendants' substantive arguments but opposes dismissal of his claims and "requests [that] the [C]ourt rename the action as a Petition for Writ of Habeus (sic) Corpus." (Doc. 11 at 1). Plaintiff contends that "[i]t is clear from the body of the complaint that [he intended to file a Habeas Corpus petition] and that the choice of title for the complaint is simply incorrect." (*Id.*). Plaintiff further requests that in the event his complaint is dismissed, that the dismissal be without prejudice so that he is not precluded from refiling. (*Id.* at 2).

In his reply brief, defendant DeWine opposes plaintiff's request to convert his complaint into a habeas corpus petition. Defendant DeWine maintains that this request is inappropriate because plaintiff was not in custody at the time he filed the instant complaint. Rather, plaintiff filed this lawsuit more than two years after his sentence expired. Defendant DeWine therefore requests that this matter be dismissed with prejudice for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and for failure to state a cognizable cause of action under Fed. R. Civ. P. 12(b)(6). (Doc. 12).

For the following reasons, the Court recommends that defendants' motions to dismiss be granted.

A. Plaintiff's claims are barred by the *Heck* doctrine.

Plaintiff's complaint alleges that his convictions are unconstitutional because they are based on perjured testimony procured by the Adams County Prosecutor and because his trial attorney failed to provide effective assistance of counsel. *See* Doc. 1. For relief, plaintiff seeks an Order from this Court overturning his convictions. *See* Doc. 1. The Court finds that plaintiff's complaint fails to state a claim for relief under § 1983 because a ruling in his favor would necessarily cast doubt on the validity of his conviction and sentence as determined by the Adams County Common Pleas Court. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

In *Heck,* the Supreme Court ruled that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. *Heck*, 512 U.S. at 486-87. Under *Heck,* when a successful § 1983 civil rights action for damages would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997). The rule in *Heck* has been extended to complaints seeking declaratory and injunctive relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 82 (2005) ("A state

prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought (damages or equitable relief) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

A judgment in favor of plaintiff on any claim stemming from the state criminal proceedings against him would necessarily imply that his convictions and resulting imprisonment were invalid. *See id.,* 512 U.S. at 487. Because plaintiff has not alleged facts indicating that his convictions and resulting confinement have been invalidated by a federal or state court or other appropriate tribunal, he may not proceed with his claims in this § 1983 action. Accordingly, plaintiff's complaint should be dismissed because it is barred by the *Heck* doctrine.

B. Plaintiff fails to state cognizable official capacity claims against defendants.

The Court lacks jurisdiction over plaintiff's § 1983 complaint against defendant DeWine in his official capacity because it is barred by the Eleventh Amendment to the U.S. Constitution. The Eleventh Amendment proscribes suit against a State or its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman,* 465 U.S. 89, 100 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). "[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver. . . ." *Cady v. Arenac County*, 574 F.3d 334, 344 (6th Cir. 2009) (quoting *Scott v. O'Grady,* 975 F.2d 366, 369 (7th Cir. 1992) (citing *Kentucky v. Graham,* 473 U.S. 159, 169 (1985)). The exception to this Eleventh Amendment bar – where the plaintiff seeks prospective injunctive relief to compel state officials to comply with federal law – does not apply here. *See Ex Parte Young,* 209 U.S. 123 (1908). *See also S & M Brands, Inc. v. Cooper,*

527 F.3d 500, 507 (6th Cir. 2008). "In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted) (emphasis added). Complaints "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" do not implicate the *Ex Parte Young* exception to the Eleventh Amendment bar. *Gean v. Hattaway,* 330 F.3d 758, 776 (6th Cir. 2003); *see also S & M Brands, Inc.,* 527 F.3d at 508 (the exception does not extend to retroactive relief).

Plaintiff here alleges no ongoing violation of federal law by defendant DeWine. In fact, aside from naming defendant DeWine in the caption of the complaint, there is no allegation or mention whatsoever of defendant DeWine in plaintiff's complaint. Plaintiff's complaint seeks to remedy past constitutional violations, and not to prevent future ones. Plaintiff's complaint against defendant DeWine in his official capacity is in essence a claim against the State of Ohio which is prohibited by the Eleventh Amendment. Therefore, plaintiff's complaint against defendant DeWine should be dismissed.[1]

Plaintiff's complaint also fails to state a claim for relief against defendant Kelley. Plaintiff alleges that defendant Kelley, in his official capacity as the Prosecutor for Adams County, Ohio, elicited false testimony from the State's witnesses which resulted in plaintiff's wrongful convictions. (Doc. 1 at 1-2). Plaintiff's official capacity claim against defendant Kelley is essentially a claim against Adams County, the entity of which defendant Kelley is an

[1] The Court recognizes that defendant DeWine did not raise the Eleventh Amendment ground in his motion to dismiss. Nevertheless, "[a] federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121.

agent. A lawsuit against a public official in his or her "official" capacity constitutes a "way of pleading an action against an entity of which an officer is an agent." *Graham*, 473 U.S. at 165-66 (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). Such suits are "to be treated as a suit against the entity." *Id.* (citation omitted). *See also Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Adams County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Adams County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities, counties, and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that defendant Kelley, by allegedly

presenting false testimony at plaintiff's criminal trial, acted pursuant to a particular policy or custom of Adams County in allegedly violating his civil rights. Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Kelley. Accordingly, plaintiff's complaint against defendant Kelley should be dismissed.

C. <u>This matter should not be construed as a petition for a writ of habeas corpus.</u>

Plaintiff's request to convert his § 1983 complaint into a habeas corpus petition should be denied because to the extent that plaintiff is seeking federal habeas corpus relief, this Court lacks subject matter jurisdiction to consider such a claim. Under the federal habeas corpus statute, 28 U.S.C. § 2254(a), district courts have jurisdiction to entertain petitions for habeas relief "only from persons who are *in custody* in violation of the Constitution or law or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (internal citation and quotation marks omitted). The Supreme Court has held that for jurisdiction to lie, "the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* (citing *Carafas v. Lavallee*, 391 U.S. 234, 238 (1968)). Except in limited situations not applicable to the case-at-hand, the custody requirement is not met if the petitioner files his habeas petition after the sentence imposed for the challenged conviction has "fully expired." *See id.* at 493-94; *see also Lackawanna County Dist. Attorney v. Coss,* 532 U.S. 394, 401 (2001); *Steverson v. Summers*, 258 F.3d 520, 522-25 (6th Cir. 2001). The Supreme Court has made it clear that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction," such as the inability to vote, engage in certain businesses, hold public office or serve as a juror, "are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." *Maleng*, 490 U.S. at 492. *See also White v. Kapture*, 42 F. App'x 672, 673-74 (6th Cir. 2002). Nor is the "in custody"

requirement satisfied "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which [an individual] is convicted." *Maleng*, 490 U.S. at 492.

Plaintiff acknowledges his fifteen month sentence has been fully served and he does not allege that he is currently under any sentence of supervised release or probation as a result of his 2011 convictions. As plaintiff is no longer serving a sentence for his 2011 Adams County convictions, he is no longer "in custody" for purposes of those convictions or resulting sentence. Therefore, even if plaintiff had filed this matter as a federal habeas petition, his petition would be dismissed for lack of jurisdiction. Accordingly, plaintiff's § 1983 complaint should not be construed as a petition for a writ of habeas corpus.

**IT IS THEREFORE RECOMMENDED THAT** defendants' motions to dismiss (Docs. 6, 9) be **GRANTED** and that this matter be dismissed on the docket of the Court.

Date: 4/27/15

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT L. BENNINGTON,
Plaintiff,

vs.

MIKE DEWINE, *et al.*,
Defendants.

Case No. 1:14-cv-688

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **FOURTEEN DAYS** after being served with this Report and Recommendation ("R&R"). That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **FOURTEEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).